HMK/jb MS 7869

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MACSTEEL INTERNATIONAL USA CORP.

        Plaintiff,                                07 CIV 6039 (LAK)(MHD)
                                                        ECF CASE

        -against-

M/V GREAT RIVER, her engines, boilers,                DECLARATION IN
tackle, etc., CIDO SHIPPING (HK) CO.,                   SUPPORT OF MOTION
LTD., CIDO SHIPPING KOREA CO., LTD.,               TO WAIVE, STRIKE, AND
WHITE PINE SHIPPING SA, BULK LOGISTICS      COMPEL DEPOSITIONS
LTD.,

        Defendants.
------------------------------------------------------------X

        Steven P. Calkins, hereby declares under the penalty of perjury that the following is true and correct as prescribed in 28 U.S.C. §1746:

        1.    I am a an attorney admitted to practice law before this Court and am a member of the law firm of Kingsley, Kingsley & Calkins, attorneys for plaintiff, Macsteel International USA Corp. ("Macsteel"), and submit this Declaration in support of plaintiff's application to obtain the depositions of the vessel defendants' witnesses at the earliest possible time due to the likelihood that such witnesses may no longer be employed in the near future, thereby depriving plaintiff of the ability to gather the necessary factual evidence on the merits and defenses raised in this maritime cargo damage action.

        2.    Plaintiff attaches as <u>Exhibit 1</u> its attorneys' letter to the Court dated September 4, 2007, requesting a pre-motion conference and setting forth the grounds for

requesting a waiver of the time restraints for conducting meaningful discovery as set forth in Rule 26(d), F.R.Civ.P., unless authorized by order; striking vessel defendants' objections as set forth in the Mahoney & Keane letter dated August 28, 2007, copy attached as <u>Exhibit 2</u>; and for an order compelling vessel defendants to produce its witnesses in New York, as noticed. A copy of plaintiff's Notice of Examination Before Trial dated August 7, 2007 is attached as <u>Exhibit 3</u>.

    3. The vessel defendants' P&I Club on behalf of the vessel and owner specifically agreed to the exclusive jurisdiction of the U.S. District Court for the Southern District of New York for the adjudication of this maritime cargo damage claim involving paint contamination to plaintiff's cargo of wire rod coils carried from China to New Orleans in August 2006. Attached as <u>Exhibit 4</u> is a true copy of the Letter of Undertaking dated 8 October 2006, issued to avoid the actual arrest of the M/V Great River, as is the accepted and traditional practice of the admiralty bar in this Honorable Court.

    4. Plaintiff submits that a very real threat exists that the vessel defendants' witnesses, especially the officers of the M/V Great River on the subject voyage, may not be or remain in defendants' employ if defendant is left to choose when it decides the depositions of its witnesses should be arranged. See, Exhibit 2 (". . . should he still be in defendant's employment . . .")

The time restraints in Rule 26(d) for conducting discovery, in these circumstances, should be waived as delay only seems to play into the hands of the

vessel defendants, whose witnesses are likely foreign based and thus beyond the subpoena power of this Court.

5. Furthermore, the paint contamination to plaintiff's cargo appears to have been caused by the ship's crew carelessly painting the cargo holds during the carriage of plaintiff's cargo. This may have been the Master or Chief Mate's unwise decision or been ordered from shore by defendant vessel owner or manager. Thus, plaintiff requires evidence from the individuals noticed to ascertain the facts that lead to the contamination of the cargo.

The objections raised in defendants' attorneys' letter, Exhibit 2, should therefore be stricken.

6. Defendants must be compelled to produce its witnesses in response to plaintiff's duly served Notice, as defendants have failed to properly move for a protection order under Rule 26(c). Furthermore, if termination of the employment of the vessel's officers is planned for the near future, an order from this Court now to compel defendants to produce them whether still in their employment at the time the actual depositions can be arranged, would provide a meaningful and less disruptive method to obtain this vital factual evidence.

WHEREFORE, plaintiff respectfully requests the instant motion be granted; and for such other, further, or different relief as the Court deems just.

Dated:     September 7, 2007

_____/S/_____
Steven P. Calkins