Kingsley, Kingsley & Calkins
ATTORNEYS AT LAW

Proctors in Admiralty

91 W. CHERRY STREET
HICKSVILLE, NEW YORK 11801

(516) 931-0064
TELEFAX (516) 931-4313

HAROLD M. KINGSLEY
JOAN S. KINGSLEY
STEVEN P. CALKINS

KEVIN T. MURTAGH

September 4, 2007

Hon. Louis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street, RM 1310
New York, NY 10007

RE: MacSteel International USA Corp. v.
M/V GREAT RIVER, et al.
07 CIV 6039 (LAK)
Our Ref: MS 7869

Hon. Sir:

We are attorneys for the plaintiff in the above captioned matter, and respectfully request a pre-motion conference to address the vessel defendants' objections to plaintiff's Notice of Examination Before Trial of the Master, Chief Mate and a shore based supervisory corporate officer and a knowledgeable witness under Rule 30(b)(6) prior to receipt of the Court's formal Scheduling Order or a Rule 16(b) conference, as permitted in Rule 26(d). Enclosed is a copy of defendants' objections. Defendants have not sought a protective order pursuant to Rule 26(c).

This is a routine maritime cargo damage action involving paint contamination to wire rod coils whilst aboard the M/V Great River moving from China to New Orleans in August 2006. Plaintiff is unaware of any cognizable defense to the claims as the contamination was caused by the ship's crew carelessly painting the cargo holds during the carriage of plaintiff's cargo. Prior to commencing suit, plaintiff corresponded with the vessel's P&I Club correspondents in New York in an attempt to settle the case and provided all claim documents and survey reports with photographs. Suit was filed June 26, 2007, when our settlement overtures were rejected, and defendants filed their Answer on August 3, 2007. Plaintiff served its Rule 26 disclosure on August 28, which

included the same information provided to the P&I correspondent who presumable hired defendants' attorneys. Waiting to formalize a scheduling order in this case before commencing depositions seems to unduly place form over substance.

Accordingly, plaintiff submits that its Notice of Examination Before Trial served on August 10, 2007, is not premature nor improper, and plaintiff requests a pre-motion conference and/or order to overrule defendants' objections and to compel defendants to produce their witnesses in New York as noticed.

> "[A]n 'examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place.' Wright and Miller, supra, at Sec. 2112." Farquhar v. Shelden, 116 F.R.D. 70, 72 (E.D. MI 1987).

Plaintiff contends that defendants' objection based upon the location of the depositions of defendants' witnesses is misguided and overstates the controlling case law as requiring defendant to be deposed where it resides. For instance, Usinor Steel Corp. v. Daval Steel Prod's., 1990 AMC 362 (SDNY 1989), involved "various foreign witnesses not subject to the jurisdiction of the court," not the deposition of a foreign corporate defendant. Moreover, Judge Patterson in Silva Run Worldwide Ltd. v. Gaming Lottery Corp., 2003 WL 23009989 (SDNY 2003), referred to the deposition location rule as merely "a presumption that depositions of corporate officers will take place at the corporate officer's residence or the corporation's principal place of business," and denied the defendant's motion for a protective order. Instead, the Court set forth the controlling rule as follows:

> "Because the presumption is based on the principle that plaintiffs, rather than defendants, choose the forum, the presumption is overcome when a plaintiff is constrained in selecting a forum. The Topps Co. v. Productos Stani Soc. A. Ind. y Comm., 2001 U.S. Dist. LEXIS 5037, at *9 (SDNY 2001). Trial courts have discretion to deny motions for a protective order after considering the cost, convenience and efficiency of conducting depositions at the defendant's principal place of business rather than the district of the litigation."

In this maritime case, defendants' P&I Club agreed to give plaintiff a Letter of Undertaking to avoid the arrest of the ship in order to secure plaintiff's claim and obtain *in rem* jurisdiction. The Letter of Undertaking dated October 8, 2006, provides for the appearance of the owner on behalf of the M/V Great River, *in rem*, "in the U.S.

2

District Court for the Southern District of New York." Thus, suit in New York was required by stipulation of defendants' P&I Club.

Shipowners, their managing agents, and vessel officers in the maritime industry are routinely required to travel as the nature of the business requires, so it is not unexpected that they be required to travel to New York to give pre-trial depositions. Certainly, the cost of bring witnesses to New York are far less prohibitive than burdening counsel for the parties together with court stenographers and interpreters with the expense and inconvenience of traveling to possibly several different foreign locations where the witnesses may happen to be.

Furthermore, it is far more efficient and practical to conduct depositions in the district of the litigation where the court is at hand to resolve arising disputes during the depositions. Indeed, it has been the traditional practice of the admiralty bar before this Honorable Court to bring vital vessel witnesses to this forum, and it is indeed vital to obtain the testimony of the defendants involved with the actual carriage of plaintiff's cargo, especially in this case, where someone decided it wise to paint the cargo holds during the voyage, thus contaminating plaintiff's cargo.

Thank you for consideration of plaintiff's request for a pre-motion conference in accordance with Your Honor's Motion Rules.

                                                            Respectfully,


SPC/
Enc.
cc:     MAHONEY & KEANE, ESQS.
        111 Broadway, 10th Floor
        New York, NY 10006
        Attn: Edward A. Keane, Esq.
        Ref: 19/3442/B/07/7