Edward A. Keane*
Cornelius A. Mahoney*
Garth S. Wolfson*

Jorge A. Rodriguez*†

Of Counsel
Stephen J. Murray

*Also admitted in NJ
†Also admitted in CT

# MAHONEY & KEANE, LLP

*Attorneys at Law*
*111 Broadway, Tenth Floor*
*New York, New York 10006*
Telephone (212) 385-1422
Facsimile (212) 385-1605
lawoffices@mahoneykeane.com

Connecticut Office

14 Pilgrim Lane
Weston, CT 06883
Tel: (203) 222-1019
Fax: (203) 222-0252

September 7, 2007

**BY HAND**

THE HON. LEWIS A. KAPLAN
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, New York 10007

Re:   **SDNY No.: 07 CV 6039 (LAK)**
Macsteel International USA
Corp. v. M/V GREAT RIVER,
her engines, etc., Cido
Shipping (HK) Co., Ltd., Cido
Shipping Korea Co. Ltd.,
White Pine Shipping SA, Bulk
Logistics Ltd.
**Our File No.: 19/3442/B/07/7**

Honorable Sir:

We represent the defendant vessel owner, WHITE PINE SHIPPING SA (WHITE PINE), in the above-referenced action and write in response to plaintiff's letter dated September 4, 2007 seeking immediate depositions of vessel personnel at the office of plaintiff's counsel in Hicksville, New York.

Plaintiff has not presented any basis for disregarding Rules 30(a)(2)(C) and 26(d) of the Federal Rules of Civil Procedure, which plainly prohibit such discovery at this early juncture in the proceedings. All defendants have not yet even appeared in the action, and we are still in the process of ascertaining whether the master and chief officer of the vessel at the time of the incident are even still employed by WHITE PINE. WHITE PINE, in abiding by the Federal Rules, has not yet even served and had an opportunity to review responses to WHITE PINE's own demands directed to the plaintiff which hailed WHITE PINE into Court in the first place.

Plaintiff's letter makes no effort whatsoever to show, let alone allege, any urgency or need for special, expedited treatment in this case. In fact, the letter states that "[t]his is a routine maritime cargo action," hardly a sufficient basis to depart from the Rules on the matter.

In any event, while plaintiff has done its very best to offer selective quotes evidently designed to confound the Court's understanding of the common practice of this District, the case law remains clear that a defendant is generally entitled to be examined at the place where it resides. *See, Mill Run Tours v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989); *Usinor Steel Corp. v. Daval Steel Prod's*, 1990 A.M.C. 362 (S.D.N.Y. 1989); *Farquhar v. Shledon*, 116 F.R.D. 70, 72 (E.D. Mich. 1987); *Work v. Bier*, 107 F.R.D. 789, 792 n.4 (D.D.C. 1985).

Nor should the fact that, in order to avoid the arrest of the vessel, owners were constrained to have a letter of undertaking issued consenting to non-exclusive jurisdiction in New York result in a different outcome. The very case cited by plaintiff held that, where, as here, the agreement as to jurisdiction and venue was non-exclusive the defendant was still fully entitled to be deposed in its place of residence. *The Topps Co. v. Productos Stani Sociedad Anomia Industrial y Commercial*, No. 99 Civ. 9437 (CSH)(GWG), 1001 U.S. Dist. LEXIS 5037 (S.D.N.Y. Apr. 20, 2001). Whether through agreement or conduct, the jurisdictional presence of a party can not be said to waive the longstanding right of a defendant not to be deposed in every jurisdiction in which it may be jurisdictionally "present" for purposes of suit. That a jurisdictional presence is premised on agreement, rather than activity within the jurisdiction, is just a facially fallacious distinction.

Indeed, such letters of undertaking consenting to jurisdiction have been repeatedly construed as not even waiving venue defenses, implicitly or otherwise. *Bison Pulp & Paper Ltd v. M/V Pergamos*, 1995 U.S. Dist. LEXIS 22057, *50, 1996 A.M.C. 2022 (S.D.N.Y. 1995) (citing *Perez & Compania (Cataluna), S.A. v. M/V Mexico I*, 826 F.2d 1449, 1452 (5th Cir. 1987); *Oman refinery Co. v. MT Bertina*, 1993 A.M.C. 147 (C.D. Cal. 1992); *ICC Export v. M/V Chemical Explorer*, 1983 A.M.C. 1846 (S.D. Tex. 1983)); *see also, Thyssen, Inc. v. Calypso Shipping Corp.*, 310 F.3d 102, 107 (2d Cir. 2002), cert. denied, 123 S. Ct. 1573 (2003). It would truly stretch credulity to accept that this line of cases would be consistent with a finding that, by the filing of an LOU on its behalf, a defendant nonetheless waives its right to even be deposed in its home forum.

Moreover, the notice of deposition is in the very form which has for decades been deemed defective on its face.

> A practice has grown up in this area wherein counsel for plaintiff-libellant wishes to take the discovery deposition of the "master, mate and officers" of a certain vessel and they cause a notice to be served upon opposing counsel returnable at a fixed date at the office of such counsel, even though they are aware of the fact that no witness

> will be present. Such notices are
> meaningless; they establish no priority as to
> discovery proceedings and, at best, may
> entitle counsel to take the discovery
> deposition in advance of a de bene esse
> deposition of one of these officers. Even
> the latter practice should not be looked upon
> with favor as it involves a needless expense.

*Nagle v. United States Lines Co.*, 242 F. Supp. 800, 801, 1965
A.M.C. 2153 (E.D. Va. 1965).

Similarly, this Court should not lend its imprimatur to this
kind of needlessly aggressive, harassing gamesmanship, which
plaintiff is apparently attempting to revive in this case.

Respectfully submitted,

MAHONEY & KEANE, LLP

By: _____
Edward A. Keane

cc (via fax):

KINGSLEY, KINGSLEY & CALKINS
91 W. Cherry Street
Hicksville, New York  11801
Fax: (516) 931-4313
Attention: Steven P. Calkins, Esq.

3

```
MODE = MEMORY TRANSMISSION          START=SEP-07 15:13    END=SEP-07 15:14

    FILE NO.=486

STN    COMM.   ONE-TOUCH/   STATION NAME/TEL NO.                    PAGES    DURATION
NO.            ABBR NO.

001    OK      ☎            915169314313                            003/003   00:00:42


                                                  -MAHONEY & KEANE       -

*********************************** -        - ***** -      212 385 1605- *********
```

Edward A. Keane*
Cornelius A. Mahoney*
Garth S. Wolfson*

Jorge A. Rodriguez*†

Of Counsel
Stephen J. Murray

*Also admitted in NJ
†Also admitted in CT

# MAHONEY & KEANE, LLP
### Attorneys at Law
*111 Broadway, Tenth Floor*
*New York, New York 10006*
Telephone (212) 385-1422
Facsimile (212) 385-1605
lawoffices@mahoneykeane.com


September 7, 2007

Connecticut Office
———
14 Pilgrim Lane
Weston, CT 06883
Tel: (203) 222-1019
Fax:(203) 222-0252

**BY HAND**

THE HON. LEWIS A. KAPLAN
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, New York 10007

Re: **SDNY No.: 07 CV 6039 (LAK)**
Macsteel International USA
Corp. v. M/V GREAT RIVER,
her engines, etc., Cido
Shipping (HK) Co., Ltd., Cido
Shipping Korea Co. Ltd.,
White Pine Shipping SA, Bulk
Logistics Ltd.
**Our File No.: 19/3442/B/07/7**

Honorable Sir:

We represent the defendant vessel owner, WHITE PINE SHIPPING SA (WHITE PINE), in the above-referenced action and write in response to plaintiff's letter dated September 4, 2007 seeking immediate depositions of vessel personnel at the office of plaintiff's counsel in Hicksville, New York.

Plaintiff has not presented any basis for disregarding Rules 30(a)(2)(C) and 26(d) of the Federal Rules of Civil Procedure, which plainly prohibit such discovery at this early juncture in the proceedings. All defendants have not yet even appeared in the action, and we are still in the process of ascertaining whether the master and chief officer of the vessel at the time of the incident were still employed by WHITE PINE. WHITE PINE, in abiding by the Federal Rules, has not yet even served and had an opportunity to review responses to WHITE PINE's own demands directed to the plaintiff which hailed WHITE PINE into Court in the first place.

Plaintiff's letter makes no effort whatsoever to show, let alone allege, any urgency or need for special, expedited treatment in this case. In fact, the letter states that "[t]his is a routine maritime cargo action," hardly a sufficient basis to depart from the Rules on the matter.